PEOPLE, PLAINTIFF AND APPELLEE, v. BEAUCHAMP, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution for Violation of the Weights and Measures Act.

No. 1171.—Decided July 17, 1917.

WEIGHTS AND MEASURES—INDUSTRIAL AND COMMERCIAL TRANSACTIONS—AGRICULTURAL WORK.—The Weights and Measures Act of August 18, 1913 (Acts of 1914, No. 135, p. 100), to establish standard systems of weights and measures in industrial and commercial transactions is not applicable to the measures used in gathering the products of a farm, for that is not an industrial operation or transaction but only agricultural work.

ID.—INDUSTRY.—There is no exception or provision in the Weights and Measures Act, nor is there any other act related to it, showing that the intention of the legislators was that the word "industry" should be applied in its broadest sense, and not in the sense which it has in economic science.

ID.—ID.—ALMUD MEASURE—GATHERING COFFEE—EXECUTIVE REGULATIONS.—The mere gathering of growing products not being an industry, the use of an *almud* measure for paying pickers of coffee berries, a measure different from those prescribed by law for industrial and commercial transactions, does not come under the provisions of Act No. 135 of 1913 although Regulation No. 14 of the Secretary of Porto Rico of October 20, 1914, directs that in gathering and transferring coffee berries the measures prescribed by the act shall be used, for the act makes no provision regarding the gathering of coffee.

The facts are stated in the opinion.

*Mr. José D. Rodríguez* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was convicted of using while foreman of the coffee plantation of Baltazar Márquez an illegal measure for measuring coffee berries delivered by the pickers, it being a kerosene can of the supposed capacity of an *almud,* a measure not authorized by law.

In the court below the defendant demurred on the ground that the acts charged do not constitute an offense because the Weights and Measures Act and its regulations refer to industrial and commercial transactions and he is not charged with having engaged in any such transaction, inasmuch as measuring coffee berries gathered by the pickers on the plantation shows that the measure was used in agricultural employment which is not within the purview of the act. He also demurred on the ground that inasmuch as he committed the acts charged as the employee or overseer of Márquez, the latter and not his employee should be prosecuted. The questions raised in the demurrer have been submitted to us also in the present appeal.

The Weights and Measures Act of August 18, 1913, which is found at page 100 of the volume of 1914, was enacted to establish standard systems of weights and measures in industrial and commercial transactions, and we agree with the appellant that gathering the products of a farm is not an industrial transaction, but merely an agricultural pursuit.

In the case of *People* v. *Gillies & Woodward,* 20 P. R. R. 467, we carefully considered the scope and meaning of the word "industry" in order to determine whether or not a barber shop was an industrial establishment within the purview of the act which ordered the closing of commercial and industrial establishments on specified days and during particular hours. In that case we said that the word "industry" could be given the following definitions:

"Industry is the result of operations whereby man changes and makes fit for his use materials which were unserviceable in their natural state, in which sense industry is the opposite of agriculture and commerce * * *. Occupation or labor employed in agriculture, manufacturing, commerce or mechanical arts." *Diccionario Salvat,* Vol. 5, p. 770.

"Economic science operates logically in limiting the meaning of the word *industry,* confining it exclusively to the skill of man as a direct producer of wealth and not to man as an active being generally or to man in the exercise of all his faculties * * * and in the infinite variety of its applications it is not rare that the word *industry* is used to designate the aggregate or result of human labor without distinction of kind. * * *.

"In order to avoid confusion and error the word *industry* is also given a meaning which is not admitted by economic science. In fact, this word is very frequently used as a synonym of *labor,* when, in reality, these two words have clearly distinct meanings. By labor is understood the pure and simple exercise of the physical forces or the intellectual faculties of man. Hence, when the exercise of these forces or faculties is sufficient to produce wealth, it may be said indiscriminately that the man labors or that he conducts an industry.

"But this rarely occurs. Generally, in order to produce, not only is labor necessary, but also the combination with it of capital and all natural agencies. Production is, therefore, the result of a unity of combinations of which labor is only one of the elements. This *ensemble* is what is termed *industry.*" *Diccionario Enciclopédico Hispano-Americano de Literatura, Ciencia y Artes,* Montaner and Simón, Editors, Barcelona, Vol. 10, p. 864.

"INDUSTRY.—Occupation or labor employed in agriculture, arts, manufactures, and commerce. * * * The art, skill, and knowledge of a person in the practice of his profession or trade." 3 Escriche, *Diccionario de Legislación,* 220.

"INDUSTRY.—Productive labor; specifically labor employed in manufacturing; manufacture; hence, a particular branch of work; a trade. * * *." Century Dictionary, Vol. IV, p. 3071.

In that case, after considering these definitions and a judgment which held that a barber is a mechanic, and also that according to economic science a barber shop may be an industrial establishment if the broader meaning frequently given to the word "industry" is accepted; that a barber

conducts a mechanical industry; that the exceptions contained in the act demonstrated that it was not the intention of the legislature to give to the word "industry" the only definition which it has in economic science, but a broader meaning in harmony with the ends sought, and that in another act passed immediately afterwards barber shops are enumerated among the establishments required to pay industrial and commercial license taxes, this court concluded that barber shops were industrial establishments within the purview of the Closing Act then under discussion.

The case which we are now considering is not analogous to the one just mentioned and, therefore, we are unable to arrive at the same conclusion here. There are no exceptions nor any words in the Weights and Measures Act which would justify the conclusion that the intention of the legislature was that the word "industry" should have a broader application than that which it has according to economic science; nor is there any other act related to the said act which reveals such an intention. There must be something more than the mere exercise of the physical force necessary to gather fruit from a tree, as berries from a coffee tree, to justify the conclusion that an industry is being conducted; therefore we cannot hold that the mere gathering of growing fruits is an industry, although it may be that when combined with subsequent intellectual acts for the purpose of changing or improving the product so gathered the combination may constitute an industry, in which sense, for example, the planting, gathering and preparing of coffee for the market may be termed a coffee industry; yet the mere gathering of the berries, we repeat, is not an industry but an agricultural pursuit.

Consequently the use by the appellant of a measure different from those prescribed by the act for use in industrial and commercial transactions for the purpose of paying the coffee pickers on the farm managed by him does not fall within the provisions of the act for the violation of which he

was punished, although the regulation of October 20, 1914, provides that in the gathering and transferring of coffee berries the measures authorized by the act in industrial or commercial transactions must be used, inasmuch as the act made no provision for the gathering of fruits.

The judgment appealed from should be reversed and another rendered acquitting the defendant.

*Reversed.*

Justices Wolf, del Toro and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.